**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 19 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SAN FRANCISCO AESTHETICS AND LASER MEDICINE INCORPORATED; JEANNIE TSAI, M.D., <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> THE PRESIDIO TRUST; DANIELLE MCKINNEY; ERIN MAGAGNA, <br><br> Defendants - Appellees. | No. 09-17005 <br><br> D.C. No. 3:07-cv-05170-EDL <br><br><br> MEMORANDUM[*] |
| SAN FRANCISCO AESTHETICS AND LASER MEDICINE INCORPORATED; JEANNIE TSAI, M.D., <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> THE PRESIDIO TRUST; DANIELLE MCKINNEY; ERIN MAGAGNA, <br><br> Defendants - Appellees. | No. 10-17607 <br><br> D.C. No. 3:07-cv-05170-EDL |

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the Northern District of California
Elizabeth D. Laporte, Magistrate Judge, Presiding

Argued and Submitted October 14, 2011
San Francisco, California

Before: THOMAS and MURGUIA, Circuit Judges, and HUFF, District Judge.[**]

San Francisco Aesthetics and Laser Medicine, Inc. and Dr. Jeannie Tsai appeal the district court's judgment enforcing a settlement agreement. We affirm. Because the parties are familiar with the history of the cases, we need not recount it here. We have jurisdiction under 28 U.S.C. § 1291 and consider the issues presented in both cases. *See Litchfield v. Spielberg*, 736 F.2d 1352, 1355 (9th Cir. 1984) ("An appeal from a final judgment draws in question all earlier, non-final orders and rulings which produced the judgment.").

I

We review a district court's decision to enforce a settlement agreement for abuse of discretion. *Doi v. Halekulani Corp.*, 276 F.3d 1131, 1136 (9th Cir. 2002). The district court did not abuse its discretion in enforcing the settlement by entering judgment in accordance with the terms of the Amended Stipulated Judgment. When parties orally settle a dispute in open court, the terms of their written agreement need not be "fully spelled out at the settlement hearing" so long

[**] The Honorable Marilyn L. Huff, District Judge for the U.S. District Court for Southern California, San Diego, sitting by designation.

as they are "in full accord with the terms of agreement stated in open court." *Id.* at 1139.

Here, where the parties could not distill their oral settlement into a written agreement, the district court adopted most of The Presidio Trust's written proposed stipulated judgment because it "accurately reflect[ed] the substance of the parties' settlement agreement as orally recorded." *Report and Recommendation re Motion and Cross Motion to Enforce Settlement Agreement* at 10, *San Francisco Aesthetics v. The Presidio Trust*, No. CV 07-05170 (N.D.Cal. June 3, 2009); *Judgment*, *San Francisco Aesthetics v. The Presidio Trust*, No. CV 07-05170 (N.D.Cal. Aug. 14, 2009).

Under our deferential standard of review, and considering the record as a whole, we conclude that the district court did not abuse its discretion in determining that the Amended Stipulated Judgment was in accord with the terms of the parties' oral settlement agreement.

II

The district court did not abuse its discretion in calculating the amount due under the Amended Stipulated Judgment. The settlement agreement provided that the court would resolve any dispute over the calculation of the amount due. In calculating this amount, the court determined that The Presidio Trust did not waive

its damages claims. Several provisions in the Amended Stipulated Judgment support this finding. The court also determined that The Presidio Trust was entitled to collect late payment penalties and interest. This was also permitted under the Amended Stipulated Judgment and authorized by law. *See* 36 C.F.R. § 1011.5(a)(2).

San Francisco Aesthetics contends that late payments and default interest are illegal under California law. However, under the federal enclave doctrine, California law is inapplicable in this case because it is inconsistent with federal law. *James Stewart & Co. v. Sadrakula,* 309 U.S. 94, 99-100 (1940).


**AFFIRMED.**